1   KATHRYN KENEALLY
    Assistant Attorney General
2
    LEE PERLA
3   Trial Attorney
    U.S. Dept. of Justice
4   P.O. Box 683, Ben Franklin Station
    Washington, D.C. 20044-0683
5   Tel: 202-616-9183
    Fax: 202-307-0054
6   Lee.Perla@usdoj.gov

7   *Of counsel*
    JOHN S. LEONARDO
8   United States Attorney
    *Attorneys for the United States of America*
9
                    UNITED STATES DISTRICT COURT
10                       DISTRICT OF ARIZONA

11  UNITED STATES OF AMERICA,

12          Plaintiff,                          Civil No.

13              v.

14  JOHN ROTTWEILER; BONITA                     COMPLAINT TO REDUCE FEDERAL
    ROTTTWEILER, *individually and as*          TAX ASSESSMENTS TO
15  *trustee to JDR Trust*; JDR TRUST; JANICE   JUDGMENT AND TO FORECLOSE
    PABST, *as trustee to JDR Trust*;           FEDERAL TAX LIENS ON REAL
16  NATIONAL TRUST SERVICES, *as*               PROPERTY
    *trustee to JDR Trust*,
17
            Defendants.
18

19          The United States of America ("United States"), through undersigned counsel, complains

20  and alleges as follows:

21                          **INTRODUCTION**

22  1.      The United States brings this civil action to (i) reduce to judgment joint federal income

23  tax assessments made by the Internal Revenue Service against defendants John Rottweiler and

    COMPLAINT

    10206129.1

Bonita Rottweiler; (ii) find that Defendant  JDR Trust holds title to certain real property located at 3240 E. Elmwood Street, Mesa, Arizona 85213 ("the Subject Property") as nominee of Defendants John and Bonita Rottweiler;  (iii) or, in the alternative, to set aside the conveyance of the Subject Property to JDR Trust as fraudulent; (iv) foreclose certain related federal tax liens on the Subject Property; and (v) sell the Subject Property and distribute the proceeds according to the Court's findings as to the validity and priority of all parties' liens and claims.

## AUTHORIZATION OF SUIT

2.     The United States initiates this civil action under 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States of America, with the authorization and at the request of the Chief Counsel, Internal Revenue Service ("the Service"), a delegate of the Secretary of the Department of the Treasury ("the Secretary").

## JURISDICTION AND VENUE:

3.     This Court has jurisdiction.  28 U.S.C. §§ 1340, 1345, and 26 U.S.C. § 7402(a).

4.     The Subject Property subject to foreclosure is located in this district.

5.     The Defendants either reside in or regularly conduct business in this judicial district.

6.     Pursuant to 28 U.S.C. §§ 1391, 1396, venue lies in the District of Arizona.

## IDENTIFICATION OF DEFENDANTS:

### *Defendant John Rottweiler*

7.     Defendant John Rottweiler resides in Mesa, Arizona.

8.     Defendant John Rottweiler is also known as John D. Rottweiler.

9.     Defendant John Rottweiler is also known as J.D. Rottweiler.

10.    Defendant John Rottweiler is the husband of Defendant Bonita Rottweiler

11.    Defendant John Rottweiler has an ownership interest in the property subject to

foreclosure in this civil action ("the Subject Property"), i.e., the real property located at 3240 East Elmwood Street, Mesa, Arizona, 85213-6226.

*Defendant Bonita Rottweiler*

12.     Defendant Bonita Rottweiler resides in Mesa, Arizona.

13.     Defendant Bonita Rottweiler is also known as Bonitta Kidman Rottweiler.

14.     Defendant Bonita Rottweiler is the wife of Defendant John Rottweiler.

15.     Defendant Bonita is a Trustee of JDR Trust.

16.     Defendant Bonita Rottweiler has an ownership interest in the Subject Property.

*Defendant JDR Trust*

17.     Defendant JDR Trust was created by Defendants John Rottweiler and Bonita Rottweiler in September of 1989.

18.     When created, JDR Trust named National Trust Services as one of its Trustees.

19.     In 2004, the former principal of National Trust Services, Mr. Roderick Prescott, agreed to a court order that permanently barred Mr. Prescott from selling his abusive trust schemes.

20.     In 2009, the former principal of National Trust Services, Mr. Roderick Prescott, pleaded guilty to tax evasion.

21.     Defendant JDR Trust has no beneficiaries.

22.     Defendant JDR Trust conducts no business of its own.

23.     Defendants John and Bonita Rottweiler use JDR Trust to thwart the collection of their federal tax liabilities.

24.     Defendant JDR Trust may claim an interest in the Subject Property.

25.     Defendant JDR Trust is the Nominee of Defendants John Rottweiler and Bonita Rottweiler.

*Defendant Janice Pabst*

26.     Defendant Janice A. Pabst, as a Trustee of JDR Trust, may claim an interest in the Subject Property.

*Defendant National Trust Services*

27.     Defendant National Trust Services, as a Trustee of JDR Trust, may claim an interest in the Subject Property.

**THE SUBJECT PROPERTY**

28.     The Subject Property, located at 3240 East Elmwood Street, Mesa, Arizona, 85213, is legally described as follows:

> Lot One Hundred Forty-five (145), THE GROVES UNIT 2, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 230 of Maps, Page 44.

29.     In March 2, 1984, Title Insurance Co. recorded a special warranty deed with the Maricopa County Recorder and conveyed the Subject Property to John and Bonita Rottweiler as joint tenants with right of survivorship.

30.     On April 18, 1984, First United State Credit Union recorded with the Maricopa County Recorder a UCC Financing Statement naming John Rottweiler and Bonita Rottweiler, Ronald Skidmore, and Miriam Skidmore as debtors.

31.     By deed of trust recorded on April 18, 1984 with the Maricopa County Recorder, First Union State Credit Union conveyed the Subject Property to John  Rottweiler and Bonita Rottweiler, husband and wife; and Randall Skidmore and Miriam Skidmore, husband and wife, as joint tenants, for the  consideration of $180,000.

32.     On October 29, 1984, a UCC Financing Statement Change was recorded with the Maricopa County Recorder, releasing John and Bonita Rottweiler and Ronald and Miriam

Skidmore as debtors of First United State Credit Union.

33.     On October 29, 1984, by joint tenancy quit claim deed recorded with the Maricopa County Recorder, Randall and Miriam Skidmore conveyed the Subject Property to John and Bonita Rottweiler, husband and wife, as joint tenants.

34.     On October 29, 1984, a deed of release and full conveyance was recorded with the Maricopa County Recorder, as the note was fully paid and satisfied.

35.     On September 8, 1987, by quitclaim deed recorded with the Maricopa County Recorder, John Rottweiler conveyed his interest in the Subject Property to Bonita Rottweiler, as her sole and separate property.

36.     On October 25, 1989, by quitclaim deed recorded with the Maricopa County Recorder, Bonita Rottweiler conveyed her interest in the Subject Property to John D. Rottweiler, as his sole and separate property.

37.     On October 26, 1989, by quitclaim deed recorded with the Maricopa County Recorder, John D. Rottweiler conveyed the Subject Property to JDR Trust, which Mr. Rottweiler had only just created in September of 1989.

**FIRST CLAIM FOR RELIEF:**
**Reduce to Judgment Federal Tax Assessments**
**Against John Rottweiler and Bonita Rottweiler**

38.     The United States incorporates the allegations set forth above as if fully restated herein.

39.     A duly authorized delegate of the Secretary made timely federal tax assessments for the 1999, 2001 and 2006 tax periods against defendants John Rottweiler and Bonita Rottweiler.

40.     The table below summarizes graphically the dates, tax, penalties, and statutory additions assessed against John and Bonita Rottweiler.

| Tax Type | Tax Period | Assessment Date(s) | Assessment Amounts | Code | Notices of Federal Tax Lien Filed | Balance Outstanding* |
|---|---|---|---|---|---|---|
| Form 1040 | 1999 | 06/24/2002<br>06/24/2002<br>06/24/2002<br>06/24/2002<br>03/29/2004<br>07/23/2007<br>07/23/2007<br>07/23/2007<br>07/23/2007<br>07/23/2007<br>05/16/2011 | $3,079.00<br>$692.55<br>$415.53<br>$699.18<br>$436.35<br>$369.00<br>$690.00<br>$307.00<br>$3,070.00<br>$2,405.42<br>$32.00 | T<br>LFP<br>FTP<br>INT<br>INT<br>FTP<br>LFP<br>MSP<br>T<br>INT<br>FCC | 04/19/2011<br>09/30/2008 | $5,125.85 |
| Form 1040 | 2001 | 06/24/2002<br>06/24/2002<br>06/24/2002<br>03/29/2004<br>07/23/2007<br>07/23/2007<br>07/23/2007<br>10/20/2008<br>12/06/2010 | $9,340.00<br>$140.10<br>$108.09<br>$854.91<br>$2,418.00<br>$24,178.00<br>$9,472.00<br>$32.00<br>$5,507.01 | T<br>FTP<br>INT<br>INT<br>MSP<br>T<br>INT<br>FCC<br>FPT | 09/30/2008<br>04/19/2011 | $50,851.94 |
| Form 1040 | 2006 | 08/11/2008<br>08/11/2008<br>08/11/2008<br>08/11/2008<br>12/06/2010 | $27,781.00<br>$2,864.47<br>$1,018.48<br>$1,431.03<br>$2,164.27 | T<br>LFP<br>FTP<br>INT<br>FTP | 09/30/2008<br>04/19/2011 | $24,229.14 |

*as of September 30, 2013

Key:    T      Tax Assessed
           LFP    Late Filing Penalty
           FTP    Failure to Pay Tax Penalty
           INT    Interest
           MSP   Miscellaneous Penalties
           FCC   Fees and Collection Costs

41.     As required by 26 U.S.C. § 6303, the Service gave timely notice to Defendants John and Bonita Rottweiler, stating the amounts and demanding payment of the federal tax assessments for the 1999, 2001, and 2006 tax periods.

42.     Despite timely notice and demand for payment of the assessments, Defendants John and Bonita Rottweiler have failed, refused, or neglected to make payment to the United States for the

1    amounts assessed.

2    43.     The period for collection of the assessments has not yet expired.

3    44.     There remains due and owing to the United States for Defendants John and Bonita

4    Rottweiler's joint federal income tax (Form 1040) liabilities for 1999, 2001, and 2006, the

5    amounts assessed, plus statutory interest and additions provided by law which, as of September

6    30, 2013, equaled $80,206.93.

7

8                            **SECOND CLAIM FOR RELIEF:**
                    **Foreclose Federal Tax Liens on the Subject Property**

9    45.     The United States incorporates the allegations set forth above as if fully restated herein.

10   46.     A delegate of the Secretary made assessments against Defendants John and Bonita

11   Rottweiler for unpaid federal income tax (Form 1040) liabilities and related amounts, as well as

12   civil tax penalties, for 1999, 2001, and 2006 tax periods.

13   47.     Pursuant to 26 U.S.C. §§ 6321, and 6322, liens arose in favor of the United States on the

14   dates of the assessments, and by operation of law those liens attached to Defendants John and

15   Bonita Rottweiler's property and rights to property, including the Subject Property.

16   48.     On April 19, 2011, the Service recorded with the Maricopa County Recorder, a Notice of

17   Federal Tax Lien (NFTL) against JDR Trust as John and Bonita Rottweiler's nominee for the

18   federal income tax assessments against John and Bonita Rottweiler for 1999 and 2006 tax years.

19   49.     On April 19, 2011, the Service recorded with the Maricopa County Recorder, a NFTL

20   against JDR Trust as John Rottweiler's nominee, for the federal income tax assessments against

21   John Rottweiler for the 2001 tax year.

22   50.     On September 30, 2008, the Service recorded with the Maricopa County Recorder, a

23   NFTL against John and Bonita Rottweiler for federal income tax assessments against John and

1  Bonita Rottweiler for the 1999, 2001, and 2006 tax years.

2  51.     On September 30, 2008, the Service recorded with the Maricopa County Recorder, a

3  NFTL against John D. Rottweiler for federal income tax assessments against John Rottweiler for

4  2001 tax year.

5  *Foreclose on liens*

6  52.     The United States seeks to foreclose the federal tax liens through the sale of the Subject

7  Property.

8  53.     The Subject Property is encumbered with the federal tax liens for the unpaid federal

9  income tax assessments.

10  54.     Under 26 U.S.C. § 6323(a), the tax liens arising from the assessments have priority over

11  all interest in the Subject Property acquired after attachment of the federal tax liens.

12  55.     Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Subject

13  Property to enforce its federal tax liens.

14  **THIRD CLAIM FOR RELIEF:**
**Foreclose federal tax liens on the Subject Property**

15  **held by JDR Trust, the nominee of Defendants John and Bonita Rottweiler**

16  56.     The United States incorporates the allegations set forth above as if fully restated herein.

17  *The recorded conveyances*

18  57.     Defendants John and Bonita Rottweiler purchased the Subject Property in 1984.

19  58.     Defendants John and Bonita Rottweiler caused the title to the Subject Property to be

20  recorded in their names and in the names of Randall and Miriam Skidmore on April 18, 1984.

21  59.     Randall and Miriam Skidmore quitclaimed their interests to John and Bonita Rottweiler,

22  and recorded the corresponding quitclaim deed, in October 1984.

23  60.     Defendants John and Bonita Rottweiler caused the title to the Subject Property to be

recorded in the name of Bonita Rottweiler's, as her sole and separate property on September 8, 1987.

61.     Defendant Bonita Rottweiler caused the title to the Subject Property to be recorded in the name of to John D. Rottweiler, as his sole and separate property on October 25, 1989.

*The Nominee*

62.     Defendant John caused the Subject Property to be recorded in the name of JDR Trust on September 26, 1989, during the pendency of their bankruptcy case and in the midst of financial difficulties.

63.     Defendants John and Bonita Rottweiler made the conveyance of the Subject Property to Defendant JDR Trust, for little or no consideration.

64.     Prior to the conveyance of the Subject Property to JDR Trust, Defendants John and Bonita Rottweiler resided in the Subject Property.

65.     Despite the conveyance to JDR Trust, Defendants John and Bonita Rottweiler continued to reside in the Subject Property.

66.     Despite the conveyance to JDR Trust, Defendants John and Bonita Rottweiler pay the utilities for the Subject Property.

67.     Despite the conveyance to JDR Trust, Defendants John and Bonita Rottweiler performance maintained the Subject Property.

68.     Despite the conveyance to JDR Trust, Defendants John and Bonita Rottweiler pay the real estate taxes for the Subject Property.

69.     Despite the conveyance to JDR Trust, at all relevant times Defendants John and Bonita Rottweiler enjoyed the burdens incident to ownership of the Subject Property.

70.     Despite the conveyance to JDR Trust, at all relevant times Defendants John and Bonita

Rottweiler enjoyed all the benefits incident to ownership of the Subject Property.

71.     Despite the conveyance to JDR Trust, Defendant JDR Trust never interfered with Defendants John and Bonita Rottweiler's use of the Subject Property.

72.     Despite the conveyance to JDR Trust, Defendant JDR Trust never interfered with Defendants John and Bonita Rottweiler's enjoyment of the Subject Property.

73.     Despite the conveyance to JDR Trust, Defendants John and Bonita Rottweiler continue to exercise complete control over all aspects of the Subject Property.

74.     Despite the conveyance to JDR Trust, Defendants John and Bonita Rottweiler maintained a beneficial interest in the Subject Property.

75.     As such, JDR Trust is Defendants John and Bonita Rottweiler's Nominee.

*Foreclosure on liens against Defendants and their Nominee*

76.     The Service timely recorded NFTLs with the Maricopa County Recorder against John and Bonita Rottweiler and their nominee, JDR Trust for the taxes and tax periods and on the dates set forth in the table in paragraph 39 above.

77.     The Property remains encumbered with the federal tax liens for the unpaid federal income tax (Form 1040) assessments.

78.     Under 26 U.S.C. § 6323(a), the tax liens arising from the assessments have priority over all interest in the Subject Property acquired after attachment of the federal tax liens.

79.     Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Subject Property to enforce its federal tax liens.

WHEREFORE, the Plaintiff, the United States of America, prays as follows:

A.     That this Court determine and adjudge that Defendants John and Bonita Rottweiler are indebted to the United States for federal income tax (Form 1040) liabilities for the 1999, 2001

and 2006 tax periods which, as of September 30, 2013, equaled $80,206.93, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against Defendants John and Bonita Rottweiler and in favor of the United States.

B.      That this Court determine, adjudge, and decree that the federal tax liens of the United States for the assessments attach to the Subject Property, and that the United States has valid and subsisting liens against the property.

C.      That the Court determine, adjudge, and decree that Defendant JDR Trust holds title to the Subject Property as the Nominee of Defendants John and Bonita Rottweiler.

D.      That this Court order that the federal tax liens of the United States be foreclosed upon the Subject Property.

E.      That this Court determines the interest, if any that the Defendants named here might claim in the Subject Property.

F.      That the Subject Property be ordered sold by a Property and Appraisal Liquidation Specialist of the Service at a judicial sale.

G.      That the Court issue an order directing, *first*, that the proceeds from the sale of the Subject Property be applied to the costs of such sale and any outstanding real property county taxes at the time of such sale and, *second*, that the balance of such proceeds of sale be distributed to the United States and the Defendants in their relative priorities.

H.      That the United States be granted costs incurred in bringing this action, as well as, such other relief as the Court deems just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General

/s/ Lee Perla
LEE PERLA
Trial Attorney
U.S. Dept. of Justice
P.O. Box 683
Washington, D.C.  20044-0683
Tel:     202-616-9138

*Of counsel*
JOHN S. LEONARDO
United States Attorney
*Attorneys for the United States of America*